UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LOWELL B. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03915-JPH-DLP |
| | ) | |
| STANLEY KNIGHT, | ) | |
| RAYMOND KINISON, | ) | |
| PLAINFIELD CORRECTIONAL FACILITY, | ) | |
| I.D.O.C., | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY DISCUSSING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Lowell B. Smith, an inmate at Plainfield Correctional Facility ("Plainfield"), filed this civil action. Mr. Smith is confined to a wheelchair and argues that his rights under the Americans with Disabilities Act ("ADA") are being violated.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

Mr. Smith claims that on December 4, 2018, he was injured when he attempted to enter the chow hall in his wheelchair and the door slammed shut on his hand. Mr. Smith claims that the defendants have taken no action to prevent the doors from slamming into inmates in wheelchairs even though they are aware of the safety issue. He seeks $700,000.00 in money damages and injunctive relief. He has named Raymond Kinison, the ADA coordinator at Plainfield, Warden Stanley Knight, Plainfield Correctional Facility, and the Indiana Department of Correction as defendants.

Mr. Smith's Complaint is understood to allege a claim under Title II of the ADA and Section 504 of the Rehabilitation Act. Both statutes seek to prohibit discrimination by public entities on the basis of disability. Title II of the ADA proscribes public entities from denying equal services to individuals because of their disabilities. *Discovery House, Inc. v. Consol. City of Indianapolis*, 319 F.3d 277, 279 (7th Cir. 2003). Specifically, Title II states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a **public entity**, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (emphasis added). Title II defines a "public entity" as any State or local government, department, agency, special purpose district, or other instrumentality of a State or States or local government; and the National Railroad Passenger Corporation, and any commuter authority. 42 U.S.C. § 12131(1).

Similarly, § 504 of the Rehabilitation Act states, "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency . . ." 29 U.S.C. § 794.

There is also a major difference between the ADA and Rehabilitation Act. That is, the Rehabilitation Act includes as an additional element the receipt of federal funds, which all states accept for their prisons. *Jaros v. Ill. Dept. of Corrections*, 684 F.3d 667, 671–72 (7th Cir. 2012). The ADA, however, does not require the receipt of federal funds and the courts have struggled with whether Congress's purported abrogation of a State's sovereign immunity is valid when the challenged conduct violates the ADA but not the Constitution. *United States v. Georgia*, 546 U.S. 151, 159 (2006). As practical matter, the Seventh Circuit has found it is sensible to "dispense with the ADA and the thorny question of sovereign immunity" presented by the Supreme Court in *Georgia*, 546 U.S. 151, and to focus on the Rehabilitation Act because the plaintiff may have only one recovery. *Jaros,* 684 F.3d at 672.

Accordingly, the ADA claim is DISMISSED and the Rehabilitation Act claims SHALL PROCEED against the Indiana Department of Correction ("IDOC").

The ADA and Rehabilitation Act claims against the individual defendants must be dismissed because these statutes do not provide a cause of action against individual employees or officials in their individual capacity. *See Jaros*, 684 F.3d at 670 (citing 29 U.S.C. § 794(b); 42 U.S.C. § 12131; *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004); *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) (collecting authority)).

Plainfield Correctional Facility is also subject to dismissal because it is a facility operated by the IDOC and is not itself a legally separate "public entity" subject to suit, it is "merely a division of the Indiana Department of Correction." *Looney v. Miami Corr. Facility*, No. 3:18CV18-PPS/MGG, 2018 WL 1992197, at *2 (N.D. Ind. Apr. 27, 2018) (dismissing Miami Correctional Facility) (*citing Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004)). The IDOC is the appropriate defendant for the Rehabilitation Act claim.

The **clerk is directed** to terminate Stanley Knight, Raymond Kinison, and Plainfield Correctional Facility on the docket. The **clerk is further directed** to update defendant "I.D.O.C., The" on the docket to read "Indiana Department of Correction."

### III. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Indiana Department of Correction in the manner specified by Rule 4(d). Process shall consist of the complaint filed on December 12, 2018, (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk is directed** to serve the Indiana Department of Correction electronically.

**SO ORDERED.**
Date: 12/20/2018

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LOWELL B. SMITH
251281

PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Electronic service to:

    Indiana Department of Correction